UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:22-CR-00229** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DANTRELL RAYSHON MARSHALL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 36] filed by Defendant Dantrell Rayshon Marshall ("Marshall"). An Opposition [Doc. No. 39] was filed by the United States of America (the "Government"). A Reply [Doc. No. 40] was filed by Marshall.

For the reasons set forth herein, Marshall's Motion to Vacate is **DENIED**.

**I.  BACKGROUND**

On September 28, 2022, Marshall was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] On November 21, 2022, Marshall pled guilty as charged.[2] On March 1, 2023, Marshall was sentenced by this Court to forty-six (46) months imprisonment and (3) years of supervised release.[3]

On July 21, 2023, Marshall filed the pending Motion to Vacate. In his motion, Marshall argues the United States Supreme Court's case of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 U.S. 2111 (2022) results in 18 U.S.C. § 922(g)(1) being deemed unconstitutional.

In opposition the Government argues that Marshall is procedurally barred from raising this issue, and that 18 U.S.C. § 922(g)(1) is constitutional under *Bruen*.

---

[1] [Doc. No. 1]
[2] [Doc. No. 25]
[3] [Doc. No. 33]

1

## II.     LAW AND ANALYSIS

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For

certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

    **A.    COGNIZABLE UNDER 18 U.S.C. § 2255**

Marshall argues that he is entitled to relief under subsection (1) of 18 U.S.C. § 2255 because the sentence was imposed in violation of the Constitution or laws of the United States, i.e., Marshall is claiming that *Bruen* has made 18 U.S.C. § 922(g)(1) (the statute under which he is charged) unconstitutional. The Court finds that Marshall's allegations are procedurally barred due to his failure to raise these on appeal and failure to satisfy the two-part "cause" and "prejudice" test for why the claims were not raised on appeal.

    **B.    PROCEDURAL DEFAULT**

When a defendant fails to raise a claim on direct review, he may not raise the claim on collateral review unless he shows both "cause" and "prejudice" or that he is "actually innocent" of the offense. *Bousley v. United States*, 523 U.S. at 622-23 (1998).

First, Marshall does not contend that he is "actually innocent." Marshall pled guilty to the offense and Marshall confessed to the law enforcement officers after he was stopped that he possessed the firearm seized and admitted that he was a convicted felon.[4]

---

[4] [Doc. No. 31, p. 4, ¶ 10]

3

Therefore, Marshall must show cause and prejudice. The issue was not raised by Marshall prior to his guilty plea on November 21, 2022. Marshall did not appeal his conviction or sentence. *Bruen* was decided on June 23, 2022, prior to Marshall's plea. Marshall cannot show cause.

Additionally, Marshall cannot show prejudice. This Court has previously addressed this issue. In *United States v. Haynes*, 2023 WL 5673962 (W.D. La. Sept. 1, 2023), this Court found in its application of *Bruen* to 18 U.S.C. § 922(g)(1) that both Supreme Court and Fifth Circuit jurisprudence show convicted felons are not covered by the plain text of the Second Amendment, and, most importantly, that 18 U.S.C. § 922(g)(1) is constitutional.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Marshall's Motion to Vacate [Doc. No. 36] is **DENIED**.

MONROE, LOUISIANA, this 27th day of September 2023.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**